```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ALBERT PALMER,**

    **Plaintiff,**

**v.**          //      CIVIL ACTION NO. 1:06CV35
                                      (Judge Keeley)

**AL HAYNES, Warden,**
**PURI, HSA,**
**CHRIS PULICE, Unit Manager,**
**PATRICIA MALDONADO, Case**
**Manager,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This civil rights complaint was transferred from the Southern District of West Virginia on February 27, 2006. Palmer had filed this civil rights action in the Southern District of West Virginia pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

On July 3, 2006, after an initial screening, Magistrate Judge James E. Seibert directed the plaintiff to file proof that he had exhausted his administrative remedies. On July 14, 2006, plaintiff wrote a letter asserting that he had attempted to exhaust his administrative remedies but failed to provide any substantiation for the assertion that his efforts to exhaust were "thwarted by his counselor and case manager". Plaintiff also failed to inform the court exactly what his efforts were and how they were thwarted.

**PALMER V. HAYNES, ET AL.**                                    **1:06CV35**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On September 27, 2006, in accordance with Local Rule of Prisoner Litigation 83.01, et seq, and 28 U.S.C. §§1915(e) and 1915A, Magistrate Judge James E. Seibert filed a report and recommendation recommending that this matter be dismissed without prejudice for failure to state a claim and/or for failure to fully exhaust administrative remedies. Magistrate Judge Seibert determined that Palmer made no specific allegations against any of the named defendants, provided no factual support for his claim and, therefore, failed to state a claim for which relief can be granted. Additionally, Magistrate Judge Seibert determined that, because Palmer failed to file an appeal of his institutional remedy at either the regional or central office levels, he failed to exhaust his administrative remedies.

The Report and Recommendation informed Palmer that failure to object to the recommendations in the report would result in the waiver of his appellate rights on this issue. No objections were filed.[1]

Therefore, the Court **ADOPTS** Magistrate Judge Seibert's Report and Recommendation in its entirety and **ORDERS** that this matter is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and for failure to fully exhaust administrative remedies.

---

[1] Palmer's failure to object to the Report and Recommendation waives his appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**PALMER V. HAYNES, ET AL.**                                            1:06CV35

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> plaintiff, certified mail, return receipt requested.

Dated: October 20, 2006.

                                        <u>/s/ Irene M. Keeley</u>
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE